BANCO COMERCIAL DE PUERTO RICO, Plaintiff and Appellee, *v.* JULIO PERALES ET AL., Defendants.—JULIO PERALES, Appellant.

Nos. 4573 and 4574. Argued April 30, 1928.—Decided May 10, 1928.

*Fulgencio Piñeiro* for the appellant. *Luis Pereyó* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellee in these two cases has moved for dismissal of the appeals as frivolous.

The complaints in both cases were based on promissory notes copied into them which show clearly that all of the defendants had bound themselves jointly to pay the debt.

Julio Perales, one of the defendants, answered in the first case that notwithstanding the contents of the promissory notes, the fact was that the debt had been contracted by A. Pérez & Hermanos of Humacao and that both he and defendant Angel López had acted simply as sureties, the plaintiff bank having voluntarily refrained from collecting the debt from the real debtors because it wanted to be lenient with them and later bring its action against the sureties. Defendant Julio Perales made a similar answer in the second case.

The trials were set for February 8, 1928, and only the plaintiff appeared and introduced evidence. The court immediately rendered judgments against the defendants for payment of the amounts specified in the promissory notes.

On the 2nd of March, 1928, Perales appealed from the judgments to this court and on the 5th of the following April the appellee filed its motions for dismissal. The appellant presented no opposition in writing and did not appear at the hearing on the motions.

The foregoing facts appear from the motions, from the accompanying certificates and from the records of this court, and a cursory examination of them leads to the conclusion that the appellee is right. The appeals were taken merely to delay the execution of the judgment. The documents copied into the complaint are clear and conclusive. They speak for themselves and show the joint liability of all who signed them. The defendants admitted their authenticity and did not appear at the trial in order to prove the alleged defenses.

It results, therefore, that these appeals are entirely frivolous. This fact having been proved, it is unnecessary

to wait for the expiration of the 90 days referred to in Rule 59 of this court, 17 P.R.R. LXXVI, and the appeals are hereby dismissed.